UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARK PRICE,

    Plaintiff,

v.                                                  No. 2:20-cv-01099-DHU-KRS

FRANCIS WHITTEN, THADDEUS ALLEN,
and THE CITY OF LAS CRUCES d/b/a THE
LAS CRUCES POLICE DEPARTMENT,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court at a hearing on November 28, 2023 on the following motions:

1. Plaintiff's Motion to Instruct Jury on Punitive Damages and to Resolve *Dunton* Conflict Between Defendants Francis Whitten, Thaddeus Allen, and the City of Las Cruces (Doc. 193);
2. Opposed Motion in Limine to Exclude Any References to the Use of Marijuana by Mark Price (Doc. 123);
3. Plaintiff's Motion to Strike and Exclude Wrongfully Withheld Materials from the Jury Trial (Doc. 151);
4. Opposed Motion in Limine to Prohibit Improper Statements (Doc. 122);
5. Opposed Motion in Limine to Exclude Any Reference to Any Purported "Victims" (Doc. 124);
6. Motion in Limine to Exclude Evidence of Compliance or Non-Compliance with Standard or Department Policies or Procedures (Doc. 127);
7. Motion in Limine 2: Other Incidents and Lawsuits (Doc. 128);
8. Motion in Limine 3: Outcome of Criminal Charges (Doc. 129);
9. Motion in Limine 4: References to "Thin Blue Line", "Blue Wall of Silence" or Similar Concepts (Doc. 130);
10. Motion in Limine 5: Prohibit Distortion of Jury Instructions and the Law (Doc. 131).
11. Opposed Motion in Limine to Exclude Any Reference to Plaintiff's History with NMSU and NMSU Police Department (Doc. 120);
12. Opposed Motion in Limine to Exclude Any Reference to Plaintiff's Prior Interactions with the Criminal Justice System (Doc. 121);
13. Defendants' Motion to Extend Deadline to File *Daubert* Motion (Doc. 93).

The Court, having carefully reviewed the motion, briefs, evidence, applicable law, and the parties' arguments, concludes the following:

1. Plaintiff's Motion to Instruct Jury on Punitive Damages and to Resolve *Dunton* Conflict Between Defendants Francis Whitten, Thaddeus Allen, and the City of Las Cruces (Doc. 193).

Plaintiff's Motion to Instruct Jury on Punitive Damages and to Resolve *Dunton* Conflict Between Defendants Francis Whitten, Thaddeus Allen, and the City of Las Cruces (Doc. 193) is **DENIED IN PART** and **GRANTED IN PART**.  The Court will determine punitive damages instructions at trial, so the motion is denied as to this request.  However, the Court grants Plaintiff's request to resolve the *Dunton* conflict in this matter.

Plaintiff moves this Court for an order finding that there is a waivable conflict between Defendant Whitten and Defendant City of Las Cruces ("the City") and that that the waiver signed by Officer Whitten waives that conflict.  *See* November 28, 2023 Transcript of Motion Hearing ("Mot. Hr'g Tr.") at 24:25-25:3.[1]  Plaintiff argues that the interests of Defendants Whitten and the City  are directly adverse to one another because:

> Defendant Whitten [ ] blames the City for his unconstitutional conduct toward Mr. Price by putting forth the excuse (or reason) that when he detained and arrested Plaintiff Price he was acting pursuant to Las Cruces Police Department *de facto* policy that officers must demand identification of citizens who have not committed a crime, but rather are suspected of engaging in a verbal dispute. Defendant Allen, Defendant Whitten's direct supervisor then does nothing to correct Defendant Whitten's obviously unconstitutional behavior and malicious prosecution of Mr. Price without probable cause.

Doc. 193 at 6.  Plaintiff seeks to ensure that "Officer Whitten understands that the City of Las Cruces could seek recovery from him for the likely punitive damages award they will be required, pursuant to the New Mexico Tort Claims Act, to pay on his behalf." Doc. 193 at 7.  Plaintiff has

---

[1] This Memorandum Opinion and Order cites to the court reporter's unofficial transcript.  All page citations are subject to change on the official, edited version of the transcript.

2

expressed concern that the waiver provided by Defendant Whitten may not be sufficient. *See* Doc. 228 at 9-11.

Defendants argue there is no conflict and even if there is, any conflict has been waived. Doc. 222 at 4. Defendant City explains that it:

> does not intend to argue Officer Whitten was acting outside the scope of his duties as a law enforcement officer in this matter. Further, to the extent the Court proceeds with the claims against the City while the Fourth Amendment claims are on appeal, the City intends to argue Officer Whitten did not violate Mr. Price's Fourth Amendment rights, which is a prerequisite to liability against the City. The City does not contend any of its policies are deliberately indifferent to Plaintiff's constitutional rights. However, to the extent any conflict does exist, Officer Whitten has waived this conflict. See Conflict Waiver, attached as *Exhibit B*; see also Rule 16-107 NMRA (noting certain conflicts may be waived). If the Court determines a non-waivable conflict has arisen in this matter, then the Court must vacate the [former trial date] to allow Officer Whitten to retain conflict counsel and to allow counsel to prepare.

*Id.* at 5.

In New Mexico, a concurrent conflict of interest exists if the representation of one client will be directly averse to another client or if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Rule 16-107(A) NMRA. Rule 16-107(B) also provides that, notwithstanding the existence of a concurrent conflict of interest, a lawyer may represent a client if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

Rule 16-107(B) NMRA.

3

In *Dunton v. Suffolk County, State of N.Y.*, 729 F.2d 903 (2d Cir. 1984), 1984),  the Second Circuit recognized that a municipality's interests diverge from those of its employees in Section 1983 suits alleging both claims against the individual and claims involving an unconstitutional municipal policy:

> [M]unicipalities can be held liable under section 1983 for employees' actions taken pursuant to municipal policy. After *Monell* the interests of a municipality and its employee as defendants in a section 1983 action are in conflict. A municipality may avoid liability by showing that the employee was not acting within the scope of his official duties, because his unofficial actions would not be pursuant to municipal policy. … If [the employee] can show that his actions were pursuant to an official policy, he can at least shift part of his liability to the municipality.

*Id*. at 907.  The Court also noted that the trial court had a responsibility to satisfy itself that no conflict existed or at least provide notice to the affected officer that there was a conflict.  *Id*. at 909.  Relying on *Dunton*, the Tenth Circuit has held that suits against an individual and his or her municipal employer "give rise to differing and potentially conflicting defenses." *Johnson v. Bd. of County Comm'rs for County of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996). "Most notably, the government entity could defend itself by asserting that the official whose conduct is in question acted in a manner contrary to the policy or custom of the entity." *Id.* If such a defense is asserted, the potential conflict "matures into an actual material conflict" and "separate representation would be required." *Id.* The Tenth Circuit has since reiterated that it requires separate counsel in a Section 1983 case naming both individual and municipal defendants whenever "a potential conflict turns into an actual conflict." *Galindo v. Town of Silver City*, 127 Fed. Appx. 459, 467 (10th Cir. 2005).

After reviewing the pleadings and hearing the arguments of counsel, the Court concludes that there is a potential waivable *Dunton* conflict involving Defendants' attorney's representation of Defendant Whitten and Defendant City.  Furthermore, the Court finds that Defendant Whitten's signed waiver satisfactorily waives that potential conflict.  Defendant Whitten's waiver is in the

record.  *See* Doc. 222-2 (Memorandum of Understanding/Waiver of Conflict).  The Court is satisfied by the waiver that Defendant Whitten has given his informed consent, in writing, to waive the potential conflict in this matter.  Critically, the Court emphasizes that Defendant City has stated it does not intend to argue that Defendant Whitten was acting outside the scope of his duties as a law enforcement officer in this matter.  Doc. 222 at 5.  Therefore, for all of these reasons, the Court finds Defendant Whitten's waiver is sufficient for *Dunton* purposes.

2. Opposed Motion in Limine to Exclude Any References to the Use of Marijuana by Mark Price (Doc. 123).

    This motion is **GRANTED** for the reasons stated by the Court on the record.  However, at trial, Defendants may seek the Court's permission to offer evidence of Plaintiff's marijuana use if Plaintiff opens the door.

3. Plaintiff's Motion to Strike and Exclude Wrongfully Withheld Materials from the Jury Trial (Doc. 151).

    This motion is **GRANTED IN PART** and **RESERVED IN PART**.  For all of the reasons stated on the record, the withheld exhibit will not be admitted at trial as substantive evidence, but the Court will reserve ruling on whether the exhibit may be used for impeachment purposes at trial.  If the Court allows the exhibit to be used for an impeachment purpose, the exhibit must be redacted as discussed on the record.

4. Opposed Motion in Limine to Prohibit Improper Statements (Doc. 122).

    The Court **GRANTS** this motion on the stipulation of the parties, as described on the record.

5. Opposed Motion in Limine to Exclude Any Reference to Any Purported "Victims" (Doc. 124).

    This motion is **GRANTED IN PART AND DENIED IN PART**.  Defendants may not make reference to purported "victims," however, the Court will allow Defendant Whitten to testify that he was investigating a call involving a "potential victim," as the Court explained on the record.

6. Motion in Limine to Exclude Evidence of Compliance or Non-Compliance with Standard or Department Policies or Procedures (Doc. 127).

    This motion is **TAKEN UNDER ADVISEMENT**.

7. Motion in Limine 2: Other Incidents and Lawsuits (Doc. 128).

    This motion is **DENIED**.  The Court orders that the motion be re-filed by December 8, 2023 with more information about specific incidents.  The Court will later determine whether Plaintiff may refer to the George Floyd incident in his testimony and whether counsel may refer to the George Floyd incident, as the Court more fully explained on the record.

8. Motion in Limine 3: Outcome of Criminal Charges (Doc. 129).

    For all of the reasons stated on the record, this motion is **DENIED AS MOOT**.

9. Motion in Limine 4: References to "Thin Blue Line", "Blue Wall of Silence" or Similar Concepts (Doc. 130).

    This motion is **HELD IN ABEYANCE** until trial.  If Plaintiff intends to use these terms at the time of trial, Plaintiff may request to do so at that time, as the Court explained on the record.

10. Motion in Limine 5: Prohibit Distortion of Jury Instructions and the Law (Doc. 131).

    This motion is **HELD IN ABEYANCE** until trial, as the Court explained on the record.

11. Opposed Motion in Limine to Exclude Any Reference to Plaintiff's History with NMSU and NMSU Police Department (Doc. 120).

    For all of the reasons stated on the record, this motion is **GRANTED**.

12. Opposed Motion in Limine to Exclude Any Reference to Plaintiff's Prior Interactions with the Criminal Justice System (Doc. 121).

    For all of the reasons stated on the record, this motion is **GRANTED**.

13. Defendants' Motion to Extend Deadline to File *Daubert* Motion (Doc. 93).

    The Court **DENIES** this motion as untimely, as the Court explained on the record.

## CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion to Instruct Jury on Punitive Damages and to Resolve *Dunton* Conflict Between Defendants Francis Whitten, Thaddeus Allen, and the City of Las Cruces (Doc. 193) is **DENIED IN PART** and **GRANTED IN PART**.
2. Opposed Motion in Limine to Exclude Any References to the Use of Marijuana by Mark Price (Doc. 123) is **GRANTED**.
3. Plaintiff's Motion to Strike and Exclude Wrongfully Withheld Materials from the Jury Trial (Doc. 151) **GRANTED IN PART** and **RESERVED IN PART**.
4. Opposed Motion in Limine to Prohibit Improper Statements (Doc. 122) is **GRANTED**.
5. Opposed Motion in Limine to Exclude Any Reference to Any Purported "Victims" (Doc. 124) is **GRANTED IN PART** and **DENIED IN PART**.
6. Motion in Limine to Exclude Evidence of Compliance or Non-Compliance with Standard or Department Policies or Procedures (Doc. 127) is **TAKEN UNDER ADVISEMENT.**
7. Motion in Limine 2: Other Incidents and Lawsuits (Doc. 128) is **DENIED**.
8. Motion in Limine 3: Outcome of Criminal Charges (Doc. 129) is **DENIED AS MOOT**.
9. Motion in Limine 4: References to "Thin Blue Line", "Blue Wall of Silence" or Similar Concepts (Doc. 130) is **HELD IN ABEYANCE**.
10. Motion in Limine 5: Prohibit Distortion of Jury Instructions and the Law (Doc. 131) **HELD IN ABEYANCE**.
11. Opposed Motion in Limine to Exclude Any Reference to Plaintiff's History with NMSU and NMSU Police Department (Doc. 120) is **GRANTED.**
12. Opposed Motion in Limine to Exclude Any Reference to Plaintiff's Prior Interactions with the Criminal Justice System (Doc. 121) is **GRANTED**.
13. Defendants' Motion to Extend Deadline to File *Daubert* Motion (Doc. 93) is **DENIED**.

**IT IS SO ORDERED**.

_____
DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE